| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| ROBERT W. RIPLEY (CSBN 51423) LAW OFFICES OF RIPLEY & ASSOCIATES, APC 15428 CIVIC DRIVE, SUITE 200 VICTORVILLE, CA 92392 TEL. (760) 243-4488 FAX (760) 245-1029 | |
| *Attorney for* debtor(s) | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| in re: RONALD ANTHONY MARQUEZ and YOLANDA MARQUEZ | CHAPTER 13 |
|---|---|
| | CASE NUMBER 6:10-bk-10577-PC |
| | DATE: 2/17/10 |
| | TIME: 1:30pm |
| Debtor. | COURTROOM: 304 |

## NOTICE OF MOTION FOR:

Motion to Determine Value of Collateral And Avoid Lien on Real Property Under 11 U.S.C. 506
(Creditor Name: BANK OF AMERICA )

*(Specify name of Motion)*

1. TO: Chapter 13 Trustee Rod Danielson, and all other interested parties

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

| Hearing Date: 2/17/10 | Time: 1:30 pm | Courtroom: 304 | Floor: 3rd |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☒ 3420 Twelfth Street, Riverside | | | |

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the Judge's self-calendaring procedures.

Dated: 1-11-2010

Law Offices of Ripley and Associates, APC.
Law Firm Name
By: _____

Name: Robert Ripley, Esq.
*Attorney for Movant*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-1.1**

Notice of Motion (with Hearing) - *Page 2*

**F 9013-1.1**

| In re  RONALD ANTHONY MARQUEZ and YOLANDA MARQUEZ | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NO.: 6:10-bk-10577-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

15428 Civic Drive Suite 200
Victorville CA 92392

A true and correct copy of the foregoing document described as <u>Motion to determine value of collateral and avoid lien on</u> <u>real property under 11 USC 506</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _1-11-2010_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Rod (TD) Danielson
notice-efile@rodan13.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _1-11-2010_ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _1-11-2010_ | Robert Ripley III | _signature_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-1.1**

Notice of Motion (with Hearing) - *Page 3*

**F 9013-1.1**

| In re RONALD ANTHONY MARQUEZ and YOLANDA MARQUEZ | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NO.: 6:10-bk-10577-PC |

## ADDITIONAL SERVICE INFORMATION (if needed):

Debtors-
Ronald and Yolanda Marquez
13670 Afton Circle
Victorville CA 92392


First and Second Deed of Trust Holder (Via Certified Mail)
Bank of America Home Loans Servicing ,LP
PO BOX 10219
Van Nuys CA 91410


Agent for Service for Bank of America Home Loans (Via Certified Mail)
CT Corporation Systems
RE: BAC Home Loans Servicing, LP
818 West Seventh Street
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-1.1**

1 | ROBERT W. RIPLEY (CSB#51423)
**THE LAW OFFICE OF RIPLEY & ASSOCIATES, APC.**
2 | 15428 Civic Drive, Suite 200
Victorville, California 92392
3 | Tel: (760) 243-4488
Fax: (760) 245-1029

4

Attorney for Debtor(s) in Bankruptcy Case.

5

6

7 | ## UNITED STATES BANKRUPTCY COURT

8 | ## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

9

| | |
|---|---|
| 10 In Re: ) | CASE NO.:6:10-bk-10577-PC |
| 11 MARQUEZ, RONALD ANTHONY ) and ) | CHAPTER 13 |
| 12 MARQUEZ, YOLANDA ) | MOTION TO DETERMINE VALUE OF COLLATERAL AND AVOID LIEN ON |
| 13 ) | REAL PROPERTY UNDER 11 U.S.C.§506 (CREDITOR: BANK OF AMERICA ) |
| 14 Debtor. ) | |
| 15 ) | Date:  Feb 17. 2010 |
| 16 ) | Time:  1:30 pm Place:  3420 Twelfth Street, Crtrm: 304 |
| 17 ) | Riverside CA 92501 |

18 | **TO THE HONORABLE PETER CARROLL, UNITED STATES BANKRUPTCY**
19 | **JUDGE, ROD DANIELSON, CHAPTER 13 TRUSTEE, BANK OF AMERICA HOME**
20 | **LOANS, AND ALL OTHER PARTIES IN INTEREST:**

21 | NOTICE IS HEREBY GIVEN that Ronald Marquez and Yolanda Marquez ("Debtors")

22 | hereby move this Court for a determination of the secured value of Debtors real property located

23 | at 13670 Afton Cir Victorville CA 92392 ("Debtors Property") pursuant to 11 U.S.C. § 506;

24 | Finds that Bank of America Home Loans (1st Deed of Trust) security interest is senior to Bank of

25 | America Home Loans (2nd Deed of Trust)'s interest and Bank of America Home Loans (1st

26 | Deed of Trust)'s secured claim exceeds the value of the real property; Establishes the value of the

27 | real property at 13670 Afton Cir Victorville CA 92392 was $133,500.00 as of the date of filing;

28 | Determines that the secured claim held by Bank of America Home Loans (2nd Deed of Trust) is

1

1  deemed unsecured for purposes of the Chapter 13 due to the insufficient equity in the collateral;

2  Treats any proof of claim filed by Bank of America Home Loans (2nd Deed of Trust) to be

3  deemed an unsecured claim with the Debtors Chapter 13 plan; Upon completion of the Chapter

4  13 plan and entry of a Chapter 13 discharge, the second is to be treated as void and no longer an

5  encumbrance against the Debtor's property; The Debtor's request that upon completion of the

6  Chapter 13 plan and subsequent discharge that Bank of America Home Loans (2nd Deed of

7  Trust) reconvey the second deed of trust.

8      This motion is based upon the following:

9      Debtors filed for relief under Chapter 13 of the United States Bankruptcy Code on

10  January 8, 2010. Debtors' Property, based upon an appraisal done on or about November 18,

11  2009, is valued at $133,500.00 (see "Exhibit 6"). Debtors' petition lists two deeds of trust on the

12  property (see "Exhibit 3"). The first Deed of Trust, held by Bank of America Home Loans (1st

13  Deed of Trust), is for 225,071.57. The second Deed of Trust, held by Bank of America Home

14  Loans (2nd Deed of Trust), is for 140,306.19. The amount of the first Deed of Trust exceeds the

15  value of Debtor's Property and leaves Bank of America Home Loans (2nd Deed of Trust) claim

16  wholly unsecured.

17      Debtors respectfully request this court to consider Bank of America Home Loans (2nd

18  Deed of Trust) claim as unsecured for purposes of this case, to stay post petition payments to

19  Bank of America Home Loans (2nd Deed of Trust) and for other such relief as is requested in

20  this Motion.

21      Should this case be dismissed or converted to any other chapter prior to completion of the

22  plan and entry of a chapter 13 discharge, the lien will remain valid.

23

24  Dated: 1 - 11 - 2010

25                          Respectfully Submitted,
                           **Law Offices of Ripley and Associates, APC.**
26
27                          Robert Ripley, Esq.
                           Attorney for Debtors
28

2

1

2    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

3    **MOTION TO DETERMINE VALUE OF COLLATERAL AND AVOID LIEN**

4    **ON REAL PROPERTY UNDER 11 U.S.C. § 506**

5

6    **I.    INTRODUCTION**

7        Ronald Marquez and Yolanda Marquez ("Debtors") filed for relief under Chapter 13 of

8    the United States Bankruptcy Code on January 8, 2010. Debtors' Schedule A (attached hereto as

9    "Exhibit 1") lists Debtors' place of residence located at 13670 Afton Cir Victorville CA 92392,

10    ("Debtors Property", legal description attached hereto as "Exhibit 2"). The following liens

11    currently encumbers Debtors Property: a first Deed of trust in favor of Bank of America Home

12    Loans and a second Deed of Trust held by Bank of America Home Loans as listed in Debtors'

13    Schedule D of their Bankruptcy petition (attached hereto as "Exhibit 3").

14        Bank of America Home Loans (1st Deed of Trust) holds the first Deed of Trust on

15    Debtors Property and the current principal balance of the encumbrance is approximately

16    225,071.57 (see a true and correct copy of Bank of America Home Loans (1st Deed of Trust)

17    mortgage statement attached hereto as "Exhibit 4") The second Deed of Trust, held by Bank of

18    America Home Loans (2nd Deed of Trust), is in the amount of approximately 140,306.19 (see a

19    true and correct copy of Bank of America Home Loans (2nd Deed of Trust) mortgage statement

20    attached hereto as "Exhibit 5").

21        Debtors Property, based upon an appraisal done on November 18, 2009 is valued at

22    $133,500.00 (see a true and correct copy of an appraisal report attached here to as "Exhibit 6"

23    and a true and correct copy of a declaration by Chip Boughner attached hereto as "Exhibit 7").

24    The encumbrance of the first Deed of Trust exceeds the value of the Debtors Property leaving

25    Bank of America Home Loans (2nd Deed of Trust) claim wholly unsecured.

26

27    **II.    THE COURT HAS THE POWER TO DETERMINE
         VALUE OF THE COLLATERAL AND ITS SECURED**

28    **STATUS AND AVOID ANY UNSECURED LIENS.**

3

Under the Bankruptcy Code, 11 U.S.C. § 506(a)(1) & (2) & (d), the court has the power to determine the value of the collateral for a line and its secured status and if applicable to avoid the unsecured lien. The relevant portions of this section provide:

(a)(1)  An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 533 of this title, is a secured claim to the extent of the value of such creditor's interest in such property, or to the extent of the amount subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition of used of such property, and in conjunction with any hearing on such disposition or sue or on a plan affecting such creditor's interest.

( c)  To the extent that a lien secures a claim against the debtor that is not allowed secured claim, such lien is void, . . .

## III.  CONCLUSION

Based upon the foregoing, Bank of America Home Loans (2nd Deed of Trust)'s lien is unsecured and should be treated as an unsecured claim. The value of the Debtors Property is less that the amount owed to the first mortgagee. Therefore, under section 506(a), Bank of America Home Loans (2nd Deed of Trust)'s claim should be treated as an unsecured claim for purposes of plan treatment and Bank of America Home Loans (2nd Deed of Trust)'s unsecured lien should be voided upon discharge.

WHEREFORE, based on the foregoing, the Debtors respectfully request:

1.  The Court value the real property located at 13670 Afton Cir Victorville CA 92392 at 133,500.00;

2.  The Court deem the lien of Bank of America Home Loans (2nd Deed of Trust) as an unsecured claim for the purposes of the chapter 13 plan;

3.  That the Court stay post petition payments to Bank of America Home Loans (2nd Deed of Trust);

4

4.   That upon completion of all plan payments and entry of discharge in this case pursuant to 11 U.S.C. 1328, the lien held by Bank of America Home Loans (2nd Deed of Trust) will be void and will not constitute an encumbrance on the real property described in the motion;

5.   That upon completion of the plan payments and upon entry of discharge in this case Debtors request that Bank of America Home Loans (2nd Deed of Trust) to reconvey the second Deed of Trust and otherwise take such steps required to clear title of said lien as to the real property described in this motion;

6.   That should this case be dismissed or converted to any other chapter prior to completion of the plan and entry of Chapter 13 discharge, the lien will remain valid.

Respectfully submitted,

LAW OFFICES OF RIPLEY & ASSOCIATES, APC.

Dated: _/ - //- 2010_                                    By: _____
                                                            ROBERT W. RIPLEY, ESQ.
                                                            Attorney for Debtors

5

Exhibit 1 - Schedule A
Exhibit 2 - Legal Description of the Property
Exhibit 3 - Schedule D
Exhibit 4 - Mortgage statement (1st)
Exhibit 5 - Mortgage statement (2nd)
Exhibit 6 - Appraisal
Exhibit 7 - Declaration of Appraiser

**EXHIBIT 1** - Schedule A

**FORM B6A (Official Form 6A) (12/07)**

In re **Ronald Anthony Marquez and Yolanda Marquez**                    , Case No._____

Debtor(s)                                                                                  (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|---|
| *Residence*<br>*13670 Afton Circle*<br>*Victorville, CA  92392* | *Fee Simple* | | *C* | *$ 133,500.00* | *$ 225,071.57* |

No continuation sheets attached

**TOTAL $**
(Report also on Summary of Schedules.)

*133,500.00*

'

EXHIBIT 2 -Legal Description

LEGAL DESCRIPTION:
LOT 130 OF TRACT NO. 16172-4, IN THE CITY OF VICTORVILLE, COUNTY OF SAN
BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 229,
PAGES 20 THROUGH 22 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY.

.

.

**EXHIBIT 3** - Schedule D

B6D (Official Form 6D) (12/07)

In re _Ronald Anthony Marquez and Yolanda Marquez_ _____,        Case No._____
                                        Debtor(s)                                                          (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: _5644_<br><br>_Creditor # : 1_<br>_Bank of America Home Loans_<br>_P O Box 10219_<br>_Van Nuys CA 91410_ | | C _01/2007_<br>_2nd Deed of Trust_<br>_on Residence_<br><br>Value: _$ 133,500.00_ | | | | $ 140,306.19 | $ 140,306.19 |
| Account No: _1698_<br><br>_Creditor # : 2_<br>_Bank of America Home Loans_<br>_P O Box 10219_<br>_Van Nuys CA 91410_ | | C _05/2005_<br>_1st Deed of Trust_<br>_on Residence_<br><br>Value: _$ 133,500.00_ | | | | $ 225,071.57 | $ 0.00 |
| Account No: _3324_<br><br>_Creditor # : 3_<br>_Toyota Financial_<br>_P.O. Box 60114_<br>_City of Industry CA 91716_ | | C _07/18/2008_<br>_Purchase Money Security_<br>_on 2008 Toyota Sienna_<br><br>Value: _$ 17,100.00_ | | | | $ 19,126.60 | $ 2,026.60 |

No continuation sheets attached

|  | | |
|---|---|---|
| Subtotal $ (Total of this page) | $ 384,504.36 | $ 142,332.79 |
| Total $ (Use only on last page) | $ 384,504.36 | $ 142,332.79 |

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

**Exhibit 4 -** Mortgage Statement (1st)

**Bank of America** 

PO Box 5170
Simi Valley, CA 93062-5170

**Home Loans**

Statement date 10/29/2009
**Account Number**
Property address
13670 Afton Circle

0 1 6 3 5 3 6 01 AV 0 335  **AUTO  T1 0 6889 92392-8325
MSR CZ AG 0101----0--2--- C0000060 IN 1 P63863
RONALD ANTHO & YOLANDA MARQUEZ
13670 Afton Cir
Victorville CA 92392-8325

**IMPORTANT NOTICE**

**BAC Home Loans Servicing, LP services your home loan on behalf of the holder of your note (Noteholder). This is to advise you that your account remains seriously delinquent.**

If we do not hear from you immediately, we will have no alternative but to take appropriate action to protect the interest of the Noteholder in your property. This action may include returning payments that are less than the total amount due.

**Please give this matter your most urgent attention.** Please pay the total amount due immediately. BAC Home Loans Servicing, LP will proceed with collection action until your account is brought fully current, and you will be responsible for all cost incurred in this process to the full extent permitted by law.

If you are unable to bring your account current, please contact us at **1.800.641.5302**.

Sincerely,

LOAN SERVICING
Loan Counselor

| HOME LOAN SUMMARY | Home loan overview as of 10/29/2009 | | Amount due on 11/01/2009 as of 10/29/2009 | |
|---|---|---|---|---|
| | Principal balance | $225,071.57 | Home loan payment due 11/01/2009 | $2,003.29 |
| | Escrow balance | $1,181.37 | Past due payment amount | 5,350.98 |
| | Late Charge if payment received after 11/16/2009 | $73.21 | (see next page for account details) | |

Calls may be monitored or recorded to ensure quality service. We may charge you a fee for any payment returned or rejected by your financial institution, subject to applicable law. **BAC Home Loans Servicing, LP is required by law to inform you that this communication is from a debt collector.**

**PAYMENT INSTRUCTIONS**

1. Please
   • don't send cash
   • don't staple the check to the payment coupon
   • don't include correspondence
   • include coupon with payment

2. Write the account number on the check or money order.

3. Make the check payable to
   **BAC Home Loans Servicing, LP**
   Attn: Remittance Processing
   PO Box 10219
   Van Nuys, CA 91410-0219

Account number ____ (7)
Ronald Antho & Yolanda Marquez
13670 Afton Circle
Victorville, CA 92392

SEE OTHER SIDE FOR IMPORTANT INFORMATION      8899

BAC Home Loans Servicing, LP
PO Box 10219
Van Nuys, CA 91410-0219

Payment due **Nov 1, 2009**                    **\*$2,003.29**
After **Nov 16, 2009** late payment            **\* $2,076.50**
*Payment amount includes late charges. See Home Loan Details for breakdown

Additional Principal

Additional Escrow

Check total

0673916987000002003290002 07650

ı:586990058ı:067391698ıı•

**Exhibit 5** - Mortgage Statement (2nd)

**Bank of America**

**Home Loans**

Simi Valley, CA 93062-5170

Statement date 10/28/2009

**Account Number** [REDACTED]

Property address
13670 Afton Circle



0 1 6 3 8 2 1  01 AV 0 335  **AUTO  T1 0 6899 92392-8325
MSR CZ AG 0101-----0--2--- C0000060 IN 1 P84148
RONALD A & YOLANDA MARQUEZ
13670 Afton Cir
Victorville CA 92392-8325

ılıllıtınılllınııllıpllhıılllılllılılyılıılllıllıı111|||lİlInlılp

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·
: **IMPORTANT NOTICE**

**BAC Home Loans Servicing, LP services your home loan on behalf of the holder of your note (Noteholder). This is
to advise you that your account remains seriously delinquent.**

If we do not hear from you immediately, we will have no alternative but to take appropriate action to protect the interest of the
Noteholder in your property. This action may include returning payments that are less than the total amount due.

**Please give this matter your most urgent attention.** Please pay the total amount due immediately. BAC Home Loans Servicing, LP will
proceed with collection action until your account is brought fully current, and you will be responsible for all cost incurred in this
process to the full extent permitted by law.

If you are unable to bring your account current, please contact us at **1.800.641.5302.**

Sincerely,

LOAN SERVICING
Loan Counselor

| HOME LOAN SUMMARY | Home loan overview as of 10/29/2009 | | Amount due on 11/01/2009 as of 10/29/2009 | |
|---|---|---|---|---|
| | Principal balance | $140,306.19 | Home loan payment due 11/01/2009 | $998.68 |
| | Late Charge if payment received after 11/16/2009 | $43.42 | Past due payment amount | 2,605.26 |
| | | | (see next page for account details) | |

Calls may be monitored or recorded to ensure quality service. We may charge you a fee for any payment
returned or rejected by your financial institution, subject to applicable law.

**BAC Home Loans Servicing, LP is required by law to inform you that this
communication is from a debt collector.**

**PAYMENT INSTRUCTIONS**

1. Please
   - don't send cash
   - don't staple the check to the payment coupon
   - don't include correspondence
   - include coupon with payment

2. Write the account number on the check or money order

3. Make the check payable to
   **BAC Home Loans Servicing, LP**
   Attn: Remittance Processing
   PO Box 10219
   Van Nuys, CA 91410-0219

Account number [REDACTED]    (3)
Ronald A & Yolanda Marquez
13670 Afton Circle
Victorville, CA 92392

SEE OTHER SIDE FOR IMPORTANT INFORMATION    0950

BAC Home Loans Servicing, LP
PO Box 10219
Van Nuys, CA 91410-0219

|||lılllılhılılılylılılılhlılllltlılllhllllılhlylhlılqılılln

Payment due **Nov 1, 2009**    *$998.68

After **Nov 16, 2009** late payment    * $1,042.10

*Payment amount includes late charges. See Home Loan Details for breakdown

| | |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Check total | |

1480256443000000998680001 04210

⑆586990058⑆ 1480 256 44⑈

**Exhibit 6** - Appraisal

BOUGHNER & ASSOCIATES

MARQUEZ
File No 13670 AFTON

MARQUEZ

RIPLEY & ASSOCIATES
15428 CIVIC DRIVE
VICTORVILLE, CA 92392

File Number: 13670 AFTON

DEAR CLIENT,

In accordance with your request, I have appraised the real property at:

13670 AFTON CIRCLE
VICTORVILLE, CA 92392

The purpose of this appraisal is to develop an opinion of the defined value of the subject property, as improved. The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the defined value of the property as of   November 18, 2009                              is:

$133,500
One Hundred Thirty-Three Thousand Five Hundred Dollars

The attached report contains the description, analysis and supportive data for the conclusions, final opinion of value, descriptive photographs, assignment conditions and appropriate certifications.

SINCERELY

CHIP L. BOUGHNER
LIC: AL029986
EXPIRES: 01/23/2011

BOUGHNER & ASSOCIATES

CLB

BOUGHNER & ASSOCIATES                                                MARQUEZ
Restricted Use Residential Appraisal Report                    File No. 13670 AFTON

This report is limited to the sole and exclusive use of the client. The appraisers opinion and conclusions set forth in this report may not be understood properly without additional information in the appraiser's workfile. The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

**PURPOSE**

| | |
|---|---|
| Client Name or Type/Intended User  RIPLEY & ASSOCIATES | E-mail  RWRIPLEYLAW@AOL.COM |
| Client Address  15428 CIVIC DRIVE | City VICTORVILLE    State CA    Zip 92392 |
| Intended Use LEGAL CONSUL - BANKRUPTCY | |

**SUBJECT**

| | |
|---|---|
| Property Address 13670 AFTON CIRCLE | City VICTORVILLE    State CA    Zip 92392 |
| Other Description (APN, Legal, etc.), if applicable   3094-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/TRACT 16172-4 LOT 130 BOOK 299 PAGE 20 | |

Property Rights Appraised  [X] Fee Simple    [ ] Leasehold    [ ] Other (describe)
Subject property existing use:  SFR                                                Use reflected in appraisal
My research [ ] did  [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Prior Sale/Transfer    Date N/A    Price N/A    Source(s) REALIST

**SALES HISTORY**

Analysis of prior sale transfer history of the subject property (and comparable sales, if applicable)   SUBJECT SHOWS NO PRIOR TRANSFERS NOTED IN THE PAST 3 YEARS. COMPS 1 & 3 SHOW PRIOR TRUSTEE TRANSFERS NOTED WITHIN THE PAST YEAR. COMP 2 SHOWS NO PRIOR TRANSFERS WITHIN THE PAST YEAR.

Offerings, options and contracts as of the effective date of the appraisal  NONE

Marketability Comments  SUBJECT EXHIBITS TYPICAL MARKETABILITY FOR NEIGHBORHOOD, THERE ARE NO APPARENT DETRIMENTAL ASPECTS OF THE SUBJECT OR NEIGHBORHOOD THAT WOULD DRAMATICALLY AFFECT MARKETABILITY.

**COMMENTS**

See Comments  SUBJECT LOT SIZE IS TYPICAL FOR NEIGHBORHOOD - SUBJECT IS LOCATED ON A BASICALLY LEVEL LOT ON A CUL-DE-SAC.

Improvement Comments:  4-CAR TANDEM GARAGE.

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| | 13670 AFTON CIRCLE | 13095 GLENDALE PLACE | | 13270 DOS PALMAS ROAD | | 13655 GATEWAY DRIVE | |
| Address  VICTORVILLE | | VICTORVILLE | | VICTORVILLE | | VICTORVILLE | |
| Proximity to Subject | | 0.07 MILES WSW | | 0.14 MILES ENE | | 0.06 MILES ESE | |
| Sale Price | $ | | $  125,000 | | $  125,000 | | $  133,500 |
| Sale Price/Gross Liv Area | $  0.00 sq. ft | $  61.73 sq. ft | | $  62.07 sq. ft | | $  61.44 sq. ft | |
| Data Source(s) | | VVMLS-REALIST- DOM 7 | | VVMLS-REALIST- DOM 7 | | VVMLS-REALIST- DOM 7 | |
| Verification Source(s) | | AP#3094-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 | | AP#3105-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 | | AP#3094-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 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | | FHA (NO SC) | | TYP FHA FIN | -3,700 | CASH (NO SC) | |
| Concessions | | DOC#476123 | | DOC#381322 | | DOC#422438 | |
| Date of Sale/Time | | 11/02/2009 COE | | 08/28/2009 COE | | 09/28/2009 COE | |
| Location | RESIDENTIAL | RESIDENTIAL | | RESIDENTIAL | | RESIDENTIAL | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 8,137 SQ FT | 6214 SQ FT | | 6325 SQ FT | | 6862 SQ FT | |
| View | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Design (Style) | CONTEMP | CONTEMP | | CONTEMP | | CONTEMP | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Actual Age | 4 | 3 | | 5 | | 5 | |
| Condition | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | Total / Bdrms / Baths | | Total / Bdrms / Baths | |
| Room Count | 9 / 4 / 3 | 8 / 4 / 3 | | 8 / 4 / 2 | 2,000 | 9 / 4 / 3 | |
| Gross Living Area 35.00 | 2,173 sq. ft | 2,025 sq. ft | 5,000 | 2,014 sq. ft | 6,000 | 2,173 sq. ft | 0 |
| Basement & Finished | NONE | NONE | | NONE | | NONE | |
| Rooms Below Grade | NOTED | NOTED | | NOTED | | NOTED | |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | FAU/CAC | FAU/CAC | | FAU/CAC | | FAU/CAC | |
| Energy Efficient items | NONE NOTED | NONE NOTED | | NONE NOTED | | NONE NOTED | |
| Garage/Carport | 4-CAR TNDM GAR | 2-CAR GARAGE | 6,000 | 2-CAR GARAGE | 6,000 | 4-CAR TNDM GAR | |
| Porch/Patio/Deck | PATIO | PATIO | | PATIO | | PATIO | |
| FIREPLACE | FIREPLACE | FIREPLACE | | FIREPLACE | | FIREPLACE | |
| | | | | | | | |
| Net Adjustment (Total) | | [X] + [ ] -  $  11,000 | | [X] + [ ] -  $  10,300 | | [X] + [ ] -  $  0 | |
| Adjusted Sale Price | | Net Adj  8.8% | | Net Adj  8.2% | | Net Adj  0.0% | |
| of Comparables | | Gross Adj  8.8% $ 136,000 | | Gross Adj  14.2% $ 135,300 | | Gross Adj  0.0% $ 133,500 | |

Summary of Sales Comparison Approach   COMPS 1-3 ARE CLOSED SALES WITHIN THE SUBJECTS NEIGHBORHOOD. COMP 2 ADJUSTED FOR BATHROOM COUNT. COMPS 1 & 2 ADJUSTED $35 PER SF FOR GLA. COMPS 1 & 2 ADJUSTED FOR GARAGE SPACE. COMP 2 ADJUSTED FOR SALES CONCESSIONS PER VVMLS. ALL ADJUSTMENTS MADE TO MARKET INDICATORS.



Produced using ACI software, 800.234.8727 www.aciweb.com.
Page 1 of 3

This form Copyright © 2007 ACI Division of ISO Claims Services, Inc.  All Rights Reserved.
IgPAR™) Residential Appraisal Short Form
GPAR RES2-04262007

BOUGHNER & ASSOCIATES                                                    MARQUEZ
Restricted Use Residential Appraisal Report                  File No. 13670 AFTON

| Approaches to value developed | [X] Sales Comparison Approach | Cost Approach | Income Approach |
|---|---|---|---|

Reasons for excluding an approach to value:  SEE ATTACHED ADDENDUM

Reconciliation comments:  ADJUSTED COMPS RANGE FROM $133,500 TO $136,000 WITH AN ESTIMATED MARKET VALUE OF $130,500

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is the subject of this report as of  11/18/2009  , which is the effective date of this appraisal, is:
[X] Single point $ 133,500  ☐ Range $ _____ to $ _____  ☐ Greater than ☐ Less than $ _____

**Appraiser's Certification**

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the *Uniform Standards of Professional Appraisal Practice*.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted, no one provided significant real property appraisal assistance to the appraiser signing this certification. Significant real property appraisal assistance provided by:

N/A

Additional Certifications:

THE INTENDED USER OF THIS APPRAISAL REPORT IS THE AFORE MENTIONED CLIENT FOR BANKRUPTCY/LEGAL CONSUL
PURPOSES. NO OTHER INTENDED USER ARE IDENTIFIED BY APPRAISER. THIS APPRAISAL REPORT IS NOT INTENDED TO
BE USED IN A FINANCIAL LOAN MORTGAGE TRANSACTION OR FOR PURPOSES OTHER THAN STATED IN APPRAISAL
REPORT.
THIS APPRAISAL WAS PERFORMED FOR THE AFORE MENTIONED CLIENT REPRESENTING HOMEOWNER - MARQUEZ
RONALD A/YOLANDA.

Definition of Value   [X] Market Value   ☐ Other Value
Source of Definition:   CURRENT MARKET VALUE DETERMINED BY USE OF RECENT COMPARABLE ARMS-LENGTH MARKET SALES

| APPRAISER | CO-APPRAISER |
|---|---|
| Signature: | Signature: |
| Name: CHIP L. BOUGHNER | Name: |
| State Certification # | State Certification # |
| or License # AL029986 | or License # |
| or Other (describe) _____ State #: | State: |
| State: CA | Expiration Date of Certification or License: |
| Expiration Date of Certification or License: 01/23/2011 | Date of Signature: |
| Date of Signature and Report: 11/19/2009 | Date of Property Viewing |
| Date of Property Viewing: 11/18/2009 | Degree of property viewing: |
| Degree of property viewing: | ☐ Interior and Exterior  ☐ Exterior Only  ☐ Did not personally view |
| [X] Interior and Exterior  ☐ Exterior Only  ☐ Did not personally view | |



Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment " In short, scope of work is what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to:  the extent to which the property is identified and inspected, the type and extent of data researched,  the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited  The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable.  The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property.  The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6  Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable.  The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors.  This appraisal is not a home inspection or environmental assessment of the property and should not be considered as such.

8.  The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted.  The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects.  The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment.  Statements regarding condition are based on surface observations only.  The appraiser claims no special expertise regarding issues including, but not limited to: foundation  settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues.  Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects.  The client is invited and encouraged to employ qualified experts to inspect and address areas of concern  If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas.  Unless otherwise noted, attics and crawl space areas were not accessed.  The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10  Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes.  Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment.  The Definition of Value used in this assignment is not consistent with the definition of Market Value for property insurance coverage/use unless otherwise stated by the appraiser.

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions



| Client: RIPLEY & ASSOCIATES | | | File No.: 13670 AFTON | |
| Property Address: 13670 AFTON CIRCLE | | | Case No.: MARQUEZ | |
| City: VICTORVILLE | | State: CA | Zip: 92392 | |

**REASONS FOR NON-DEVELOPMENT OF A VALUE APPROACH**
EMV BASED UPON SALES COMPARISON APPROACH AS IT IS THE APPROACH MOST RELEVANT TO CURRENT
MARKET WITH ADEQUATE SUPPLY OF COMPARABLE SALES AND LISTINGS. COST APPROACH AND INCOME
APPROACH WERE NOT CONSIDERED IN THIS REPORT AS THE COST APPROACH IS LEAST RELAVENT IN
CURRENT MARKET CONDITIONS AND THERE IS INSUFFICIENT DATA TO DEVELOP AN INCOME STREAM FOR THE
INCOME APPROACH.

| Client: RIPLEY & ASSOCIATES | | File No.: 13670 AFTON |
|---|---|---|
| Property Address: 13670 AFTON CIRCLE | | Case No.: MARQUEZ |
| City: VICTORVILLE | State: CA | Zip: 92392 |



FRONT VIEW OF
SUBJECT PROPERTY

Appraised Date: November 18, 2009
Appraised Value: $ 133,500



REAR VIEW OF
SUBJECT PROPERTY



STREET SCENE

| Client:   RIPLEY & ASSOCIATES | | File No.:   13670 AFTON | |
| Property Address: 13670 AFTON CIRCLE | | Case No.: MARQUEZ | |
| City: VICTORVILLE | | State: CA | Zip: 92392 |



SIDE



SIDE



ADDRESS VERIFICATION



ENTRY



LIVING ROOM



BEDROOM

| Client: RIPLEY & ASSOCIATES | | File No.: 13670 AFTON |
| Property Address: 13670 AFTON CIRCLE | | Case No.: MARQUEZ |
| City: VICTORVILLE | State: CA | Zip: 92392 |



FAMILY



DINING



KITCHEN



LOFT



BEDROOM



LAUNDRY

| Client:   RIPLEY & ASSOCIATES | | File No.:   13670 AFTON | |
| Property Address: 13670 AFTON CIRCLE | | Case No.: MARQUEZ | |
| City: VICTORVILLE | | State: CA | Zip: 92392 |



BEDROOM



BATHROOM



MASTER BEDROOM



MASTER BATHROOM



BATHROOM



GARAGE INTERIOR

COMPARABLE PROPERTY PHOTO ADDENDUM

| Client: | RIPLEY & ASSOCIATES | | File No.: 13670 AFTON |
|---|---|---|---|
| Property Address: 13670 AFTON CIRCLE | | | Case No.: MARQUEZ |
| City: VICTORVILLE | | State: CA | Zip: 92392 |



COMPARABLE SALE #1

13095 GLENDALE PLACE
VICTORVILLE
Sale Date: 11/02/2009 COE
Sale Price: $ 125,000



COMPARABLE SALE #2

13270 DOS PALMAS ROAD
VICTORVILLE
Sale Date: 08/28/2009 COE
Sale Price: $ 125,000



COMPARABLE SALE #3

13855 GATEWAY DRIVE
VICTORVILLE
Sale Date: 09/28/2009 COE
Sale Price: $ 133,500

FLOORPLAN

| Client: RIPLEY & ASSOCIATES | | | File No.: 13670 AFTON |
|---|---|---|---|
| Property Address: 13670 AFTON CIRCLE | | | Case No.: MARQUEZ |
| City: VICTORVILLE | | State: CA | Zip: 92392 |



Sketch by Apex Medina™

Comments

| | AREA CALCULATIONS SUMMARY | | | | LIVING AREA BREAKDOWN | | |
|---|---|---|---|---|---|---|---|
| Code | Description | Net Size | Net Totals | | Breakdown | | Subtotals |
| GLA1 | First Floor | 1052.0 | 1052.0 | First Floor | | | |
| GLA2 | Second Floor | 1121.0 | 1121.0 | 14.0 | x | 39.0 | 546.0 |
| GAR | Garage | 828.0 | 828.0 | 14.0 | x | 11.0 | 154.0 |
| | | | | 22.0 | x | 16.0 | 352.0 |
| | | | | Second Floor | | | |
| | | | | 27.0 | x | 41.0 | 1107.0 |
| | | | | 1.0 | x | 14.0 | 14.0 |
| | Net LIVABLE Area | (rounded) | 2173 | 5 Items | | (rounded) | 2173 |

PLAT MAP

| | |
|---|---|
| Client:  RIPLEY & ASSOCIATES | File No.:  13670 AFTON |
| Property Address: 13670 AFTON CIRCLE | Case No.:MARQUEZ |
| City: VICTORVILLE | State: CA        Zip: 92392 |

LOCATION MAP

| Client:  RIPLEY & ASSOCIATES | | File No.:   13670 AFTON |
| Property Address: 13670 AFTON CIRCLE | | Case No.: MARQUEZ |
| City: VICTORVILLE | State: CA | Zip: 92392 |



BOUGHNER & ASSOCIATES

| Client: RIPLEY & ASSOCIATES | | File No.: 13670 AFTON |
|---|---|---|
| Property Address: 13670 AFTON CIRCLE | | Case No.: MARQUEZ |
| City: VICTORVILLE | State: CA | Zip: 92392 |



**STATE OF CALIFORNIA**

Business, Transportation & Housing Agency

**OFFICE OF REAL ESTATE APPRAISERS**

REAL ESTATE APPRAISER LICENSE

OREA APPRAISER IDENTIFICATION NUMBER    AL029986

**CHIP L. BOUGHNER**

has successfully met the requirements for licensing as a real estate appraiser in the State of California and is, therefore, entitled to use the title "Real Estate Appraiser".

This license has been issued in accordance with the provisions of the Real Estate Appraisers' Licensing and Certification Law.

OFFICE OF REAL ESTATE APPRAISERS

Bob Clark

Date Issued:  January 24, 2009
Date Expires:  January 23, 2011

Audit No. 115105

THIS DOCUMENT CONTAINS A TRUE WATERMARK - HOLD UP TO LIGHT TO SEE 'SAFE' AND 'VERIFY FIRST'

**Exhibit 7** - Declaration of Appraiser

1   **DECLARATION OF CHIP L. BOUGHNER IN SUPPORT OF DEBTORS'**
2   **MOTION TO DETERMINE VALUE OF COLLATERAL AND AVOID LIEN ON**
3   **REAL PROPERTY UNDER 11 U.S.C 506**

4
5   I, Chip L. Boughner, declare:

6   1.   I know the facts set forth in the Declaration to be true from my personal
7        knowledge, except those facts which are stated on information and
8        belief, and as to those facts I believe them to be true. If called upon to
9        testify as a witness, I could and would competently and truthfully testify
10       to the facts set forth in this Declaration.

11
12  2.   I am Licensed by the State of California to perform real estate
13       appraisals (License no. AL029986.) I have been performing real estate
14       appraisals since 2003.

15  3.   In NOVERMBER, 2009, I was retained by RONALD MARQUEZ to
16       examine and appraise the single family residence located at 13670
17       AFTON CIRCLE VICTORVILLE, CA 92392 ("the property.") On
18       11/18/2009, I examined the property and conducted the requested
19       appraisal. Attached hereto and incorporated herein by reference as
20       Exhibit 7 is a true and correct copy of my appraisal report.

21  4.   In determining the fair market value of the Property, I used the market
22       (sales comparison) approach. The sales comparison approach reflects
23       the actions of buyers and sellers in the marketplace. In preparing the
24       appraisal report, I performed market research, inspected the Property,
25       both interior and exterior, measured the Property to determine the
26       square footage, and surveyed the immediate neighborhood.

27
28

-1-

5.    Based upon my observations, inspection of the Property, and market research, as well as my training, education and experience as a residential real estate appraiser, it is my professional opinion that the Property had a fair market value of $133,500 as of 11/18/2009.

6.    I have no present or contemplated future interest in the Property. Neither my employment nor my compensation for this appraisal is contingent upon the value found.

7.    I have no personal interest or bias with respect to the subject matter of the appraisal report or the parties involved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:11/19/2009

Chip L. Boughner

-2-